UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEEN K. BROWN,

                    Petitioner,

                                                   CIVIL NO. 2:09-CV-12364

v.                                     HONORABLE PAUL D. BORMAN
                                                   UNITED STATES DISTRICT COURT

PEOPLE OF THE STATE OF
MICHIGAN,

                    Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

       Rasheen K. Brown, ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for possession of 50 or more but less than 450 grams of cocaine, M.C.L.A. 333.7403(2)(a)(iii); resisting and obstructing a police officer, M.C.L.A. 750.81d(1); and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

       Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Brown,* No. 270877 (Mich.Ct.App. June 3, 2008); *lv. den.,* 482 Mich. 1035, 757 N.W. 2d 81 (2008).

       On February 23, 2009, petitioner filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court, which was denied on April 14, 2009. *People v. Brown,*

No. 04-199771-FH (Oakland County Circuit Court, April 14, 2009).  Petitioner filed an appeal

from the denial of his post-conviction motion with the Michigan Court of Appeals on June 15,

2009, which remains pending with that court. *People v. Brown,* No. 270877 (Mich.Ct.App.).

On June 15, 2009, petitioner filed a petition for writ of habeas corpus, in which he seeks

relief on the following ground:

Miscarriage of Justice.

Petitioner has included a number of sub-claims within this claim.

## II.  DISCUSSION

The instant petition is subject to dismissal because petitioner's state post-conviction

motion remains pending in the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his

available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and

(c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death

Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates

dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state

courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

In the present case, petitioner has a post-conviction appeal that remains pending in the

Michigan Court of Appeals concerning the convictions challenged in this petition.  The general

rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's

appeal from the denial of a state post-conviction motion remains pending in the state appellate

courts. *See Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970).  Petitioner must complete

his state post-conviction proceedings before seeking habeas relief in this Court. *See Humphrey v.*

*Scutt*, No. 2008 WL 4858091, * 1 (E.D. Mich. November 5, 2008); *Witzke v. Bell*, No. 2007 WL 4557674 (E.D. Mich. December 20, 2007); *Harris v. Prelisnik*, No. 2006 WL 3759945 (E.D. Mich. December 20, 2006).

It is not clear from the petition and the attachments whether petitioner has exhausted all of the claims that he seeks to raise in this petition.  However, even if petitioner had already exhausted his claims on direct appeal, this would not be enough to satisfy the exhaustion requirement of of 28 U.S.C. §§ 2254(b) and (c).  When an appeal of a state criminal conviction is pending in the state courts, as is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983).  The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. *Id., See also Woods v. Gilmore,* 26 F.Supp.2d 1093, 1095 (C.D.Ill.1998); *Szymanski v. Martin,* No. 2000 WL 654916 (E.D.Mich. April 13, 2000).  Therefore, petitioner's claim is premature and must be dismissed on the grounds that petitioner has failed to exhaust his state court remedies. *Sherwood,* 716 F. 2d at 634.

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so.  Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S.

3

Ct 1528 (2005), there are no exceptional or unusual circumstances present which would justify

holding the instant petition for writ of habeas corpus in abeyance, rather than dismissing it

without prejudice.  In this case, the Michigan Supreme Court denied petitioner's application for

leave to appeal on October 27, 2008.  However, the one year statute of limitations under 28

U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day.  Where a state

prisoner has sought direct review of his conviction in the state's highest court but does not file a

petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking

habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court

entered judgment against the prisoner, but on the date that the 90 day time period for seeking

certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th

Cir. 2000).  Because petitioner did not seek a writ of certiorari with the United States Supreme

Court, petitioner's judgment became final, for the purpose of commencing the running of the one

year limitations period, on January 25, 2009. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750

(E.D. Mich. 2002).

Petitioner filed his post-conviction motion for relief from judgment with the state courts

on February 23, 2009, after only twenty nine days had elapsed on the one year statute of

limitations.  Although the trial court denied the motion for relief from judgment on April 14,

2009, the one-year period continues to be tolled until petitioner completes his post-conviction

appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See Carey v.

Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F. 3d 780, 787-88 (6th Cir.

2003); 28 U.S.C. § 2244(d)(2).  Because petitioner has almost an entire year remaining under the

limitations period, and the unexpired portion of that period would be tolled during the pendency

4

of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will dismiss the instant petition without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

2:09-cv-12364-PDB-CEB   Doc # 4   Filed 06/30/09   Pg 6 of 6   Pg ID 39

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III.    CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**


S/Paul D. Borman                              
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2009.


S/Denise Goodine                               
Case Manager